UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OZ GARMENTS HANGZHOU CO. LTD. and IN HONG KONG GROUP LIMITED, | § § § § | |
| Plaintiffs/Counter-Defendants, | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-CV-2233-B |
| AMERICA ACHIEVEMENT CORP., | § § § | |
| Defendant/Counter-Plaintiff. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Counter-Defendants Oz Garments Hangzhou Co. Ltd. and In Hong Kong Group Limited's (collectively "Oz") Rule 12(b)(6) Motion to Dismiss Counter-Plaintiff American Achievement Corp.'s ("AAC") counterclaims. Doc. 18. For the reasons stated, the Court **GRANTS** Oz's Motion to Dismiss (Doc. 18).

## I.

## BACKGROUND[1]

This contract dispute involves parties in the graduation cap-and-gown business. Oz is a global manufacturing company that manufactures graduation caps, gowns, and accompanying apparel. Doc. 1, Oz's Compl., ¶ 10. AAC is in the business of providing graduation products to schools and universities, and has utilized Oz as a supplier for some of its graduation products. *Id.* ¶ 16; Doc. 13, AAC's Counterclaims, 3 ¶¶ 1–2. Prior to 2018, Oz and AAC never operated under any supply

---

[1]The Court draws its factual history from the parties' pleadings. Any contested fact is noted as such.

agreement and the only agreements governing the parties were individual purchase orders. Doc. 1, Oz's Compl., ¶ 18.

On or around March 15, 2018, the parties agreed on and entered into the Master Supply Agreement ("Agreement"). *Id.* ¶ 19; *see also* Doc. 1-1, Ex. 1, Agreement. In early 2018, while the parties were negotiating the terms of the Agreement, AAC had multiple outstanding purchase orders with Oz ("Outstanding Orders"). Doc. 13, AAC's Counterclaims, 3 ¶¶ 3, 6. The parties thus entered into the Agreement conditioned upon Oz fulfilling the Outstanding Orders, which was memorialized in § 5 and Exhibit F of the Agreement. *Id.* at 4 ¶ 11; Doc. 1, Oz's Compl., ¶ 26; Doc. 1-1, Ex. 1, Agreement, 4 § 5. The parties dispute whether this condition was met. *Compare* Doc. 1, Oz's Compl., ¶ 28 ("The condition precedent was met.") *with* Doc. 13, AAC's Counterclaims, 4 ¶ 12 ("Plaintiffs failed to timely deliver the Outstanding Orders.").

On August 23, 2018, Oz originally brought suit against AAC for breach of contract alleging that AAC failed to comply with many of its obligations under the Agreement. *See, e.g.*, Doc. 1, Oz's Compl., ¶¶ 50–54. On October 22, 2018, AAC filed its Answer (Doc. 11), and on November 12, 2018, AAC supplemented its Answer by asserting two counterclaims against Oz for breach of contract and trade secret misappropriation under Texas law. Doc. 13, AAC's Counterclaims, 5–6 ¶¶ 21–33. Oz filed this Motion to Dismiss (Doc. 18) on December 17, 2018. AAC filed its Response (Doc. 29) and Oz their Reply (Doc. 34). However, after the close of briefing, on March 25, 2019, AAC filed a Notice of Dismissal of its trade secret misappropriation claim agreeing to dismiss this claim without prejudice. Doc. 35, Notice of Dismissal, 1–2. Thus, the only counterclaim remaining is AAC's breach-of-contract counterclaim. Having been fully briefed, the Court now addresses the sufficiency of this claim.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "The court's review [under 12(b)(6)] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim *and* referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) (emphasis added) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted)).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (cleaned up).

# III.

# ANALYSIS

AAC's breach-of-contract counterclaim has two parts: (1) that Oz failed to timely deliver to AAC the Outstanding Orders listed in Exhibit F to the Agreement (the "First Part") and, (2) that Oz solicited, hired, and/or otherwise engaged AAC contractors in violation of § 15(d) of the Agreement (the "Second Part"). Doc. 13, AAC's Counterclaims, 5 ¶¶ 22–23. The Court addresses in turn whether each part of this breach-of-contract counterclaim states a claim.

A.  *The First Part of AAC's Counterclaim Fails Because § 5 of the Agreement Is a Condition Precedent.*

Oz argues that the First Part of AAC's breach-of-contract counterclaim fails to state a claim because the alleged failure to deliver the Outstanding Orders was not a breach of an affirmative covenant in the contract, but instead a condition precedent to contract formation, which cannot form the basis of a breach-of-contract claim. Doc. 18, Oz's Mot., 7–8.

"A condition precedent is an act or event that must take place before performance of a contractual obligation is due." *Cedyco Corp. v. PetroQuest Energy, LLC*, 497 F.3d 485, 488 (5th Cir. 2007) (applying Texas law).[2] Therefore, a condition precedent cannot form the basis of a breach-of-contract claim because the condition must occur before the contract becomes enforceable. *Tex. Delta Mech., Inc. v. Republic Underwriter's Ins. Co.*, 2011 WL 2572492, at *3 (Tex. App.—Dallas June 30, 2011, no pet.) ("A condition precedent to an obligation to perform is an act or event, which occurs subsequently to the making of a contract, that must occur before there is a right to immediate

---

[2] The choice-of-law provision in the Agreement states that Texas law governs disputes, and in the absence of contrary argument from the parties, the Court applies Texas law. *See* Doc. 1-1, Ex. 1, Agreement, § 22.

performance and before there is a breach of contractual duty." (citing *T.F.W. Mgmt. v. Westwood Shores Prop. Owners Ass'n*, 162 S.W.3d 564, 570 (Tex. App.—Houston [14th Dist.] 2004, no pet.))).

Here, AAC alleges that Oz materially breached § 5 of the Agreement and Exhibit F by not timely delivering the Outstanding Orders. Doc. 13, AAC's Counterclaims, ¶ 22. However, a reading of the last sentence of § 5 clearly shows that delivery of the Outstanding Orders was a condition precedent to the Agreement becoming effective:

> This Agreement *is conditioned upon*, and shall be effective immediately upon all outstanding purchase orders (the "Outstanding Purchase Orders"), as previously entered into between SUPPLIER and BUYER, as set out in Exhibit F hereto, arriving at the BUYER's designated facility ("the Effective Date").

Doc. 1-1, Ex. 1, Agreement, 4 § 5 (emphasis added); *Cedyco Corp.*, 497 F.3d at 488 (stating that under Texas law, "the inclusion of words 'such as "if," "provided," "on condition that," or some similar phrase of conditional language' indicate that the parties intended there to be a condition precedent."). In fact, AAC also argues as one of its defenses to Oz's breach-of-contract claim that § 5 of the Agreement was a condition precedent that was not satisfied, and therefore, AAC's obligations under the Agreement were never triggered as a matter of law. Doc. 13, AAC's Counterclaims, 1–2 ¶ 3. AAC is thus relying on § 5 of the Agreement for two separate arguments: (1) as a defense to Oz's affirmative breach claims, arguing that § 5 is a condition precedent that was not satisfied; and (2) as an affirmative breach-of-contract counterclaim arguing that § 5 is a covenant that was breached. Doc. 29, AAC's Resp., 3; *see also* Doc. 34, Oz's Reply, 3 n.1. However, AAC can no longer have it both ways because the Court finds that § 5 is a condition precedent.

Therefore, AAC's affirmative breach-of-contract counterclaim based on this provision fails.[3]

B.   *The Second Part of AAC's Counterclaim Fails Because the Claim Fails to Sufficiently Plead Performance or Willingness to Perform the Agreement.*

Oz argues that the Second Part of AAC's breach-of-contract counterclaim fails to state a claim because (1) AAC fails to give adequate notice of any specific conduct by Oz that breached the non-solicitation clause and (2) AAC failed to adequately plead its own performance under the Agreement. Doc. 18, Oz's Mot., 9–11.

Under Texas law, "[t]he elements of a breach of contract action are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

The following allegations are relevant to the Second Part of AAC's breach-of-contract counterclaim:

> 13) The Agreement . . . includes a clause restricting [Oz's] ability to solicit, hire, and/or otherwise engage AAC contractors.
>
> 14) Despite pleading that the Agreement is valid and enforceable, upon information and belief, [Oz] has improperly solicited, hired, and/or otherwise engaged AAC contractors.
>
> 23) . . . [Oz is] obligated to abide by the Restrictive Covenant set forth in Section 15(d). Because [Oz has] solicited, hired, and/or otherwise engaged AAC contractors, [Oz has] materially breached the Agreement.

---

[3] However, whether the condition precedent was satisfied—*i.e.*, whether the terms in § 5 and Exhibit F of the Agreement were fulfilled—remains a contested and unresolved issue in this case, and one that the Court need not reach in ruling on this Motion.

Doc. 13, AAC's Counterclaims, 4–5 ¶¶ 13–14, 23.

In response, AAC fails to expand on these allegations, but instead, argues that these allegations are sufficient to put Oz on notice that it violated the Agreement's non-solicitation clause. Doc. 29, AAC's Resp., 5. The Court agrees with AAC on this point. While these allegations fail to identify how, when, or with whom Oz allegedly breached the non-solicitation clause, that is not what is required. *Am. Realty Tr., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005) (Godbey, J.) (holding that under Rule 8(a), a plaintiff need not plead each element of its claim in detail, but must instead "describe the alleged terms of the contract in a sufficiently specific manner to give the defendant notice of the nature of the claim"); *see also Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) ("The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim."). Although the allegations could be more detailed, for this stage, the claim is sufficiently stated to give Oz notice of what provision was allegedly breached and the effect of that breach.

With regard to Oz's failure-to-plead-performance argument, AAC argues that it was excused from pleading performance because Oz failed to comply with the condition precedent of fulfilling the Outstanding Orders. 29, AAC's Resp., 6. While Oz's alleged failure to comply with a condition precedent may have excused AAC from performance, that does not excuse it from pleading all the elements of a breach-of-contract claim. *Alexander O&G, LLC v. Nomad Land & Energy Res., LLC*, 2017 WL 3506863, at *4 (citing *Chessher v. McNabb*, 619 S.W.2d 420, 421 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ) ("Where tender of performance is excused, a party must plead and prove that he or she was ready, willing, and able to perform."). AAC has failed to plead that despite its excuse from performance, AAC was ready, willing, and able to perform the

Agreement. Therefore, absent these allegations, the Court finds that the Second Part of AAC's counterclaim fails.

IV.

CONCLUSION

For the above-stated reasons, the Court **GRANTS** Oz's Motion to Dismiss (Doc. 18). Specifically, the Court **DISMISSES with prejudice** the First Part of AAC's breach-of-contract counterclaim because the Court finds that § 5 is a condition precedent incapable of sustaining a breach-of-contract claim. However, the Court **DISMISSES without prejudice** the Second Part, and thus, will grant AAC the opportunity to attempt to amend its counterclaim if it can allege that despite its excuse from performance, AAC was ready, willing, and able to perform the Agreement. AAC has **fourteen days** from the date of this Order to seek leave to file an amended counterclaim addressing these deficiencies and adding any factual matter it has discovered since filing these counterclaims. If the amended counterclaim does not cure the noted defects or AAC fails to file an amended counterclaim within the time allotted, the Court's dismissal of this counterclaim without prejudice will be converted to a dismissal with prejudice.

SO ORDERED.

SIGNED: April 23, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE